<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————————

**No. 09-2174**

————————————

AMERIX CORPORATION; 3C INCORPORATED; CAREONE SERVICES, INCORPORATED, f/k/a Freedompoint Corporation; FREEDOMPOINT FINANCIAL CORPORATION; ASCEND ONE CORPORATION; BERNALDO DANCEL,

              Plaintiffs – Appellants,

     and

GENUS CREDIT MANAGEMENT CORPORATION, now known as National Credit Counseling Services, Incorporated; INCHARGE INSTITUTE OF AMERICA, INCORPORATED,

              Plaintiffs,

     v.

LAVERNE JONES; STACEY NESS; KERRY NESS,

              Defendants – Appellees.

————————————

Appeal from the United States District Court for the District of Maryland, at Baltimore.  J. Frederick Motz, District Judge. (1:09-cv-01498-JFM)

————————————

Argued: September 22, 2011      Decided: December 9, 2011

————————————

Before TRAXLER, Chief Judge, KEENAN, Circuit Judge, and HAMILTON, Senior Circuit Judge.

————————————

Affirmed by unpublished per curiam opinion.

————————————

**ARGUED:** Lawrence S. Greenwald, GORDON, FEINBLATT, ROTHMAN, HOFFBERGER & HOLLANDER, Baltimore, Maryland, for Appellants. Joseph Seth Tusa, TUSA, PC, Lake Success, New York, for Appellees.  **ON BRIEF:** Catherine A. Bledsoe, Brian L. Moffet, GORDON, FEINBLATT, ROTHMAN, HOFFBERGER & HOLLANDER, Baltimore, Maryland, for Appellants Amerix Corporation, 3C Incorporated, CareOne Services, Incorporated, FreedomPoint Financial Corporation, Ascend One Corporation, and Bernaldo Dancel; Dwight W. Stone, II, Dennis M. Robinson, Jr., WHITEFORD TAYLOR AND PRESTON, LLP, Baltimore, Maryland, for Appellants Genus Credit Management Corporation and InCharge Institute of America, Incorporated.  G. Oliver Koppell, John F. Duane, Daniel Schreck, G. OLIVER KOPPELL & ASSOCIATES, New York, New York; Paul C. Whalen, WHALEN & TUSA, PC, New York, New York; Jack Sando, LAW OFFICE OF JACK C. SANDO, Bethesda, Maryland, for Appellees.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This is an appeal under the Federal Arbitration Act, 9 U.S.C. §§ 1-16, from the district court's order confirming an arbitration award in which the arbitrator certified, inter alia, a nationwide class arbitration of claims alleging unfair and deceptive acts and practices in violation of the Maryland Consumer Protection Act, Md. Code Ann., Commercial Law §§ 13-301, 408 (West 2011). For reasons that follow, we affirm.

I.

We begin by setting forth the facts and procedural history relevant to the issues on appeal. Laverne Jones, Stacey Ness, and Kerry Ness each enrolled in a debt management program with Genus Credit Management Corporation (Genus), pursuant to a document styled "EasyPay Client Agreement[]," which in turn incorporated by reference a document styled "Terms of Debt Management-EasyPay." Jones v. Genus Credit Mgmt. Corp. (Genus I), 353 F. Supp. 2d 598, 600 (D. Md. Jan. 31, 2005) (internal quotation marks omitted). We will refer to this latter document as "the EasyPay Contract" and to the two documents together as "the Debt Management Plan." Genus drafted the Debt Management Plan.

The EasyPay Contract contained the following arbitration clause (the Arbitration Clause):

> Any dispute between us that cannot be amicably resolved, and all claims or controversies arising out of this Agreement, shall be settled solely and exclusively by binding arbitration in the City of Columbia, Maryland, administered by, and under the Commercial Arbitration Rules then prevailing of, the American Arbitration Association (it being expressly acknowledged that you will not participate in any class action lawsuit in connection with any such dispute, claim, or controversy, either as a representative plaintiff or as a member of a putative class), and judgment upon the award rendered by the arbitrator(s) may be entered and enforced in any court of competent jurisdiction.

(J.A. 69). The EasyPay Contract also contained the following choice-of-law provision (the Choice-of-Law Provision):

> The forms and schedules in this packet contain the complete agreement between you and [Genus] regarding the [Debt Management Program]. All questions concerning the construction, validity, and the interpretation of this Agreement will be governed by the laws of the State of Maryland without reference to any conflict of laws rules.

Id.

Of relevance on appeal, Laverne Jones, Stacey Ness, and Kerry Ness (collectively the Underlying Plaintiffs) jointly filed a class action complaint in the United States District Court for the District of Maryland against Genus; InCharge Institute of America, Incorporated; Amerix Corporation; 3C Incorporated; CareOne Services, Incorporated[1]; Freedompoint Financial Corporation; Ascend One Corporation; and Bernaldo Dancel (collectively the Underlying Defendants). The First

---

[1] Formerly known as Freedompoint Corporation.

- 4 -

Amended Complaint alleged various causes of action under federal and state law, including violation of the Credit Repair Organizations Act, 15 U.S.C. §§ 1679 to 1679j, and unfair and deceptive acts and practices in violation of the Maryland Consumer Protection Act, Md. Code Ann., Commercial Law §§ 13-301, 408 (West 2011).[2]

The Underlying Defendants moved to dismiss the First Amended Complaint on the ground that the Arbitration Clause required the Underlying Plaintiffs to arbitrate all of their claims alleged in such complaint. Alternatively, the Underlying Defendants contended that if the district court permitted the action to proceed at all, the class action allegations should be stricken because the Arbitration Clause also contained a waiver by the Underlying Plaintiffs of their respective rights to participate in any class action lawsuit. The district court agreed with the Underlying Defendants that the Arbitration Clause required the Underlying Plaintiffs to arbitrate their claims alleged in the First Amended Complaint. Genus I, 353 F. Supp. 2d at 603. The district court alternatively held that, assuming arguendo the Underlying Plaintiffs are not required to submit their claims to arbitration, their class action

---

[2] None of the Underlying Plaintiffs were residents of Maryland during the time relevant to their allegations of wrongdoing on the part of the Underlying Defendants.

allegations must be stricken in light of the class-action-lawsuit waiver contained in the Arbitration Clause. Id. In a separate order, the district court granted the Underlying Defendants' motion to dismiss, dismissed the entire action, and "directed" the Underlying Plaintiffs "to arbitrate their claims against [the Underlying] [D]efendants, (if they choose to pursue them)." Id. Notably, the district court's opinion in Genus I did not address whether the Underlying Plaintiffs could proceed with class-wide claims in arbitration, and the district court later wrote counsel for all parties to clarify its intention that the arbitrator should decide whether arbitration should be of class-wide claims or only the individual claims asserted by the Underlying Plaintiffs. Genus Credit Mgmt. Corp. v. Jones (Genus II), 2006 WL 905936 at *1 (D. Md. April 6, 2006).

In February 2005, the Underlying Plaintiffs commenced an arbitration action against the Underlying Defendants before the American Arbitration Association (AAA), asserting various federal and state law claims. Pursuant to AAA rules, the parties jointly chose Donald H. Green as the sole arbitrator (the Arbitrator). Thereafter, the Arbitrator issued a decision entitled the "Partial Final Clause Construction Award," in which the Arbitrator determined that, in the abstract, the arbitration between the Underlying Plaintiffs and the Underlying Defendants

- 6 -

could proceed as a class arbitration.  Id.  Dissatisfied with this decision, on November 7, 2005, the Underlying Defendants brought an action in the district court, seeking to have the Partial Final Clause Construction Award vacated.  The Underlying Plaintiffs moved to dismiss the action.  The Underlying Defendants opposed the motion and moved for summary judgment.  The district court granted the Underlying Plaintiffs' motion and dismissed the action.  Id. at *3.  The Underlying Defendants did not appeal this dismissal.

After the parties engaged in discovery in the arbitration proceeding, the Underlying Plaintiffs moved for class certification of all claims asserted in their arbitration complaint.  On May 7, 2009, the Arbitrator issued a decision entitled "Class Determination Award," in which he determined that several of the claims, including claims under the Credit Repair Organizations Act and the Maryland Consumer Protection Act, could proceed in arbitration as nationwide class claims.  The Arbitrator also named the Underlying Plaintiffs as class representatives.

Dissatisfied with the Class Determination Award, the Underlying Defendants filed a second action in the district court; this time seeking to vacate the Class Determination Award in part. Specifically, they sought to vacate the Class Determination Award to the extent the Arbitrator:  (1) ruled

that the Choice-of-Law Provision required the application of Maryland substantive law to the state law tort claims alleged by the Underlying Plaintiffs; and (2) certified a nationwide class of plaintiffs with respect to their alleged violations of the Maryland Consumer Protection Act.

The Underlying Plaintiffs moved for confirmation of the Class Determination Award. By order dated September 8, 2009, the district court denied the Underlying Defendants' request for partial vacatur of the Class Determination Award, granted the Underlying Plaintiffs' motion for confirmation, and confirmed the Class Determination Award. The Underlying Defendants noted a timely appeal of such order, resulting in the appeal presently before us. Following our hearing of oral argument in the present appeal on September 22, 2011, Genus and InCharge Institute of America, Incorporated on the one hand and the Underlying Plaintiffs on the other hand jointly moved to dismiss the present appeal as between themselves. See Fed. R. App. Proc. 42(b) (providing for voluntary dismissal by agreement of the parties). We granted their motion. Accordingly, the remaining appellants in the present appeal are Amerix Corporation, 3C Incorporated, CareOne Services Incorporated, Freedompoint Financial Corporation, Ascend One Corporation, and Bernaldo Dancel (the Remaining Underlying Defendants).

On appeal, the Remaining Underlying Defendants ask us to vacate the portion of the Class Determination Award in which the Arbitrator certified a nationwide class of consumers with respect to the claims asserted under the Maryland Consumer Protection Act on the ground that, in so certifying, the Arbitrator exceeded his powers. See 9 U.S.C. § 10(a)(4) (arbitration award may be vacated "where the arbitrators exceeded their powers"). The Remaining Underlying Defendants attribute the Arbitrator's alleged exceeding of his powers to the following two conclusions reached by the Arbitrator: (1) that Maryland substantive law applies to the Underlying Plaintiffs' state law tort claims; and (2) that the Maryland Consumer Protection Act applies to the Underlying Plaintiffs. According to the Remaining Underlying Defendants, these two conclusions are erroneous.

We begin our consideration of these contentions by reiterating our extremely narrow scope of review in these types of appeals. "[J]udicial review of arbitration awards is . . . among the narrowest known to the law." United States Postal Serv. v. Am. Postal Workers Union, 204 F.3d 523, 527 (4th Cir. 2000) (internal quotation marks omitted). Vacatur of an arbitration award must, therefore, be a "rare occurrence." Raymond James Fin. Servs., Inc. v. Bishop, 596 F.3d 183, 184

(4th Cir.), cert. denied, 131 S. Ct. 224 (2010). In reviewing the Class Determination Award under § 10(a)(4), we are limited to determining whether the Arbitrator did the job he was told to do, i.e., whether he acted within the scope of his powers; not whether he did it well, correctly, or reasonably, but simply whether he did it. Central West Virginia Energy, Inc. v. Bayer Cropscience LP, 645 F.3d 267, 272 (4th Cir. 2011); Raymond James Fin. Servs., Inc., 596 F.3d at 190. See also AT&T Mobility LLC v. Concepcion, 131 S. Ct. 1740, 1752 (2011) ("review under § 10 [of the Federal Arbitration Act] focuses on misconduct rather than mistake").

Our consideration of the parties' arguments and careful review of the record on appeal convince us that the Arbitrator did not exceed his powers in certifying a nationwide class of consumers with respect to the claims under the Maryland Consumer Protection Act as alleged in the arbitration complaint. There is no dispute that the Arbitrator was charged with the duty of determining which state's substantive law applies to the Underlying Plaintiffs' state law claims. In discharging this duty, the Arbitrator construed the first sentence of the Arbitration Clause in conjunction with the Choice-of-Law Provision. The first sentence of the Arbitration Clause, as quoted in the Class Determination Award, provides: "'Any dispute between us that cannot be amicably resolved, and all

- 10 -

claims or controversies arising out of this Agreement, shall be settled solely and exclusively by binding arbitration in the City of Columbia, Maryland.'" (J.A. 33). The Choice-of-Law Provision, as quoted in the Class Determination Award, states: "'All questions concerning the construction, validity, and the interpretation of this Agreement will be governed by the laws of the State of Maryland without reference to any conflict of laws rules.'" Id.

According to the Remaining Underlying Defendants, the Choice-of-Law Provision limited the application of Maryland law to matters of contract construction only. Particular tort claims, they contend, are to be governed by Maryland's choice-of-law jurisprudence, which follows the rule of lex loci delecti as the ordering principle in tort cases. See Kortobi v. Kass, 957 A.2d 1128, 1139 (Md. Ct. Spec. App. 2008) (Maryland adheres to lex loci delecti (the law of the place of injury) as the ordering principle in tort cases).

The crux of the Arbitrator's analysis of this issue, as set forth in the Class Determination Award, is as follows:

> [The Underlying Plaintiffs] contend these provisions mandate the application of Maryland law to all state law aspects of this arbitration. [The Arbitration Clause] is, in the parlance, a "broad" arbitration clause.
>
> As noted, [the Underlying Defendants] assert [the Choice-of-Law Provision] applies only to construction of the [Debt Management Plan]. They further argue

- 11 -

that [the Arbitration Clause] merely establishes a situs and not the applicable law. It follows, they say, the class should not be certified if it is necessary to resort to the laws of 50 states to resolve the individual claims of the putative class members. [The Underlying Plaintiffs] disagree and also note that, even if that were so, case law demonstrates that such resort need not toll the death knell to their class aspirations. Both the [Choice-of-Law Provision] per se, and the introductory words of [the Arbitration Clause] compel this Arbitrator to accept [the Underlying Plaintiffs'] argument.

* * *

Finally, reading [the Arbitration Clause] and [the Choice-of-Law Provision] together, as is appropriate in contract construction, and employing the doctrine of contra proferent[e]m, they support the interpretation that Maryland law was intended to apply.

(J.A. 34).[3]

Based upon this excerpt from the Class Determination Award, we are confident the Arbitrator did exactly the job the parties asked him to do——construe and apply the Debt Management Plan in determining the law applicable to the Underlying Plaintiffs' state law tort claims. Accordingly, we have no trouble concluding that the Arbitrator acted within the scope of his arbitral authority in construing the EasyPay Contract to provide

---

[3] The doctrine of contra proferentem provides that ambiguous contractual provisions must be construed against the interests of the drafter. Maersk Line, Ltd. v. United States, 513 F.3d 418, 423 (4th Cir. 2008) ("The basic contract law principle contra proferentem counsels that we construe any ambiguities in the contract against its draftsman.").

that Maryland substantive law applies to the Underlying Plaintiffs' state law tort claims.

There is also no dispute that the Arbitrator was charged with determining the elements for class certification of the claims under the Maryland Consumer Protection Act. Before the Arbitrator, the Underlying Defendants argued that, because none of the Underlying Plaintiffs were residents of Maryland, they "cannot be certified as a class under the [Maryland Consumer Protection Act] because that Act only prohibits communications to Maryland residents of false or misleading statements or inducements." (J.A. 51) (internal quotation marks and emphasis omitted).

The crux of the Arbitrator's analysis on this issue, as set forth in the Class Determination Award, is as follows:

> The answer lies in our prior ruling that Maryland law applies to the state law claims. As we have already noted the [Arbitration Clause] and [the Choice-of-Law Provision] fairly read require the application of Maryland law to non-federal disputes here. Thus the parties to the contract agreed to have Maryland substantive rules of liability apply to their disputes without reference to whether the particular customer was or was not a Maryland resident. If the effect of this agreement were to eliminate all Maryland remedies defined to entitle only Maryland residents to a remedy, this would be a perverse result depriving the customer of the benefit of any consumer protection law in Maryland so framed, as well as any other state law remedy. This is contrary to the maxim pacta sunt servanda, namely that agreements are presumed to lead to enforceable obligations, not nullities.

- 13 -

_Id._ Based upon this excerpt from the Class Determination Award, we are again confident that the Arbitrator did exactly the job the parties requested him to do——interpret and enforce the Debt Management Plan in order to determine the elements for class certification of the claims asserted by the Underlying Plaintiffs under the Maryland Consumer Protection Act. Accordingly, we have no trouble concluding that the Arbitrator acted within the scope of his arbitral authority in interpreting the EasyPay Contract to provide that the Maryland Consumer Protection Act applies to the Underlying Plaintiffs.

To summarize, in concluding that Maryland substantive law applies to the Underlying Plaintiffs' state law tort claims and that the Maryland Consumer Protection Act applies to the Underlying Plaintiffs, the Arbitrator was construing and/or applying the EasyPay Contract and acting within the scope of his authority. _A fortiori_, the Arbitrator did not exceed his authority in certifying a nationwide class of consumers with respect to the claims under the Maryland Consumer Protection Act.

III.

As an alternative basis for obtaining vacatur of that portion of the Class Determination Award certifying a nationwide class of consumers with respect to claims under the Maryland

- 14 -

Consumer Protection Act, the Remaining Underlying Defendants contend the Arbitrator acted in manifest disregard of the law. Specifically, the Remaining Underlying Defendants contend the Arbitrator acted in manifest disregard of the law by ruling that the Maryland Consumer Protection Act applies to their disputes with the Underlying Plaintiffs and potential class members without regard to whether any such person was a resident of Maryland at the time of the alleged tortious conduct.[4] In support of this contention, the Remaining Underlying Defendants rely upon Consumer Protection Div. v. Outdoor World Corp., 603 A.2d 1376, 1382 (Md. Ct. Spec. App. 1992), for the proposition that the Maryland Consumer Protection Act prohibits false or misleading statements or inducements from being sent to Maryland residents within Maryland's borders, but does not apply to protect non-Maryland residents under the same circumstances.

We begin our consideration of this issue by noting that manifest disregard of the law is not an enumerated ground for vacating an arbitration award under the Federal Arbitration Act. 9 U.S.C. § 10(a); MCI Constructors, LLC v. City of Greensboro, 610 F.3d 849, 857 (4th Cir. 2010). However, prior to the Supreme Court's opinion in Hall Street Assocs., LLC v. Mattel,

---

[4] As we previously stated, none of the Underlying Plaintiffs resided in Maryland during the time relevant to their claims under the Maryland Consumer Protection Act.

<u>Inc.</u>, 552 U.S. 576 (2008), many courts, including the Fourth Circuit, recognized an arbitrator's manifest disregard of the law as a viable common law ground for vacating an arbitration award. <u>See, e.g.</u>, <u>Remmey v. PaineWebber, Inc.</u>, 32 F.3d 143, 149 (4th Cir. 1994). Since <u>Hall Street Assocs.</u> issued, some courts have expressed skepticism about the continued validity of manifest disregard of the law as a valid basis for vacating an arbitration award. <u>See, e.g.</u>, <u>T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.</u>, 592 F.3d 329, 338–40 (2d Cir. 2010).

Because we conclude the Remaining Underlying Defendants have not established that the Arbitrator manifestly disregarded the law as they allege, we need not decide whether a court may still vacate an arbitration award if it flows from the Arbitrator's manifest disregard of the law. Specifically, the Remaining Underlying Defendants fail to establish that the Arbitrator, in making his Class Determination Award, was "aware of the law, understood it correctly, found it applicable to the case before [him], and yet chose to ignore it in propounding [his] decision . . ."; all requirements of the manifest disregard of the law ground for vacatur. <u>Remmey</u>, 32 F.3d at 149. Rather, the record makes clear that the Arbitrator found the Maryland residency requirement recognized in <u>Outdoor World Corp.</u> inapplicable to the claims of the Underlying Plaintiffs and potential class members under the Maryland Consumer

- 16 -

Protection Act based upon language in the EasyPay Contract. See, e.g., (J.A. 51) ("[T]he parties to the contract agreed to have Maryland substantive rules of liability apply to their disputes without reference to whether the particular customer was or was not a Maryland resident."). Under this circumstance, we cannot say that the Arbitrator manifestly disregarded the law with respect to his certification of a nationwide class of consumers under the Maryland Consumer Protection Act without regard to whether such consumers are residents of Maryland.

In conclusion, we affirm the district court's confirmation of the Class Certification Award.

AFFIRMED